United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 04-11359**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROY COMBS; JORGE MARTINEZ; GARY THOMAS,**

**Defendants-Appellants.**

---

**Appeals from the United States District Court
for the Northern District of Texas
(3:03-CR-188-9-N)**

---

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roy Combs, Jorge Martinez, and Gary Thomas contest their sentences for conspiring to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. In that regard, Thomas contends the district court erred in sentencing him to a mandatory life sentence as a repeat offender; Combs and Martinez maintain it erred in sentencing them under the then-mandatory Sentencing Guidelines, in violation of ***United States v. Booker***, 543 U.S. 220 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Combs and Thomas also appeal their convictions, claiming:  the court erred in admitting evidence that Martha Flores, a co-defendant, attempted to sell cocaine to a law-enforcement officer while the trial was pending; there was insufficient evidence to show they were part of the conspiracy to distribute cocaine; and the court erred in denying a severance.  In addition, Thomas asserts there was a material variance between his indictment and the Government's proof at trial.

Concerning the evidence of Flores' cocaine sale while the trial was pending, we note, without deciding, that Combs and Thomas *may* lack standing to appeal the admissibility of this evidence. Other courts have concluded that *only* the person whose "other crimes" are at issue may raise a 404(b) challenge on appeal. *See* **United States v. David**, 940 F.2d 722, 736 (1st Cir. 1991). Assuming they do have standing, we review under a heightened abuse-of-discretion standard the admittance in a criminal trial of evidence under Federal Rule of Evidence 404(b) (evidence of other crimes or wrongful acts inadmissible to show action in conformity with crime charged).  **United States v. Pompa**, 434 F.3d 800, 805 (5th Cir. 2005).  Under that rule, evidence of an extrinsic offense is admissible if it is relevant to an issue other than the defendant's character, and its probative value does not substantially outweigh  its prejudice. *E.g.,* **United States v. Beechum**, 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied*, 440 U.S.

2

920 (1979). Such evidence "should not be admitted solely to demonstrate the defendant's bad character". *Id*. at 910. The district court did *not* admit the evidence for that reason; the evidence did not relate to Combs' and Thomas' conduct. Furthermore, the district court gave a lengthy limiting instruction. There was no abuse of discretion.

Combs' and Thomas' sufficiency-of-the-evidence claims are reviewed *de novo*. *E.g., United States v. Pennell*, 409 F.3d 240, 243 (5th Cir. 2005). Viewing the evidence in the light most favorable to the Government, we must determine whether a rational fact finder could have found Combs and Thomas guilty of the conspiracy beyond a reasonable doubt. *Id*. The evidence shows: Combs repeatedly received deliveries of one to two kilograms of cocaine from an individual; Thomas was frequently supplied cocaine by another, who "fronted" cocaine to Thomas, allowing him to pay for the drugs after they were sold; and Thomas was a low-level distributor in a long distribution chain. A rational juror could have found beyond a reasonable doubt that Combs and Thomas were part of the conspiracy.

Next, Combs and Thomas claim they should have been tried separately because much of the evidence was inadmissable against them individually and was inflammatory. The district court's refusal to grant a separate trial is reviewed for an abuse of discretion. *United States v. Rubio*, 321 F.3d 517, 526 (5th Cir.

3

2003). "[T]o meet this burden, a defendant must show specific and compelling prejudice against which the district court could not provide adequate protection, and that this prejudice resulted in an unfair trial". *Id.* (internal citation and quotation marks omitted). Each defendant fails to do so. First, the district judge gave a specific jury instruction at the close of trial that evidence should be considered individually and separately for each defendant. Furthermore, there is a preference in the federal system for joint trials for defendants who are charged together, especially where conspiracy is alleged. *See* ***United States v. Neal***, 27 F.3d 1035, 1045 (5th Cir. 1994), *cert. denied*, 513 U.S. 1179 (1995). The district court did not abuse its discretion.

Thomas also claims there was a material variance between his indictment and the proof at trial because, although the indictment charged only one conspiracy, the evidence shows multiple conspiracies. A single-conspiracy verdict must be affirmed unless the evidence, with all reasonable inferences in the Government's favor, precludes a reasonable jury from finding a single conspiracy. *See* ***United States v. Morris***, 46 F.3d 410, 415 (5th Cir.), *cert. denied*, 515 U.S. 1150 (1995). The evidence did not preclude such a finding.

Thomas maintains the district court erred in imposing a repeat-offender enhancement, resulting in his mandatory life sentence, because: (1) the district judge, not the jury, found

4

Thomas had two prior convictions; and (2) the Government failed to give sufficient notice it was going to seek this penalty when it sought this enhancement on the day of trial. Thomas concedes the notice was filed *before* trial. As such, it complies with 21 U.S.C. § 851(a). *See United States v. Rice*, 43 F.3d 601, 604 (11th Cir. 1995). Furthermore, the Government need not prove beyond a reasonable doubt the existence of a prior conviction. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)*; United States v. Almendarez-Torres,* 523 U.S. 224 (1998). To the extent Thomas is claiming *Almendarez-Torres* was wrongly decided, that claim is foreclosed by circuit precedent. *E.g., United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).

Finally, Combs and Martinez claim the district court erred in sentencing them under the then-mandatory Guidelines, in violation of *Booker*. Because each preserved the error by making an objection at sentencing pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), our review is for harmless error beyond a reasonable doubt. *United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005). The district court imposed an alternative sentence identical to the one imposed under the mandatory Guidelines; the former was to become effective in the event the Supreme Court declared the Guidelines unconstitutional. Therefore, the Government has satisfied its burden to show the *Booker* error was harmless. *See*

5

***United States v. Saldana***, 427 F.3d 298, 314 (5th Cir.), *cert. denied*, 126 S. Ct. 810 (2005).

    In his reply brief, Martinez claims reversible error because the oral pronouncement at sentencing (sentence under mandatory Guidelines) conflicts with the written judgment (which included the alternative sentence). Generally, we do *not* consider issues raised for the first time in a reply brief. *E.g.,* ***United States v. Brown***, 305 F.3d 304, 307 n.4 (5th Cir. 2002), *cert. denied*, 538 U.S. 1007 (2003). In any event, there is *no* conflict: each sentence was the same.

                                                        ***AFFIRMED***